Walter BENAVIDES, Petitioner—
Appellant,

v.

Joe MCGRATH, Warden, Respondent—
Appellee.

No. 04–55141.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 4, 2005.

Decided May 16, 2005.

Walter Benavides, PBSP—Pelican Bay State Prison, Crescent City, CA, pro se.

Cara Devito, Esq., Las Vegas, NV, David C. Cook, AGCA—Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: O'SCANNLAIN and WARDLAW, Circuit Judges, and LOVELL,* District Judge.

## MEMORANDUM **

### I

Walter Benavides argues that (1) the use of an inaccurate translation of taped interviews between the police and certain witnesses violated his due process right to be convicted on the basis of accurate testimony and (2) his trial and appellate counsels' failures to challenge the translations or to order alternate translations violated his Sixth Amendment right to effective assistance of counsel.[1]

### II

■ The jury convicted Benavides on the basis of the sworn, written statements of the witnesses whose conversations with the police were allegedly mistranslated, those witnesses' live testimony at trial, the testimony of other witnesses at trial, and police ballistics reports. The jury heard the witnesses themselves retract their earlier, tape-recorded statements to police. Because of this last fact in particular, Benavides has not shown that the inaccuracies he claims to have identified in the translated audiotapes "had [a] substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson,* 507 U.S. 619, 631, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (quoting *Kotteakos v. United States,* 328 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946)).

### A

■ Benavides also argues that the court erroneously failed to instruct the jury that, in California, when a transcript is made of an audio-taped statement, the tape and not the transcript is the evidence. However, as we reasoned in *United States v. Fuentes–Montijo,* 68 F.3d 352 (9th Cir. 1995), "[w]hen faced with a taped conversation in a language other than English and a disputed English translation transcript, the usual admonition that the tape is the evidence and the transcript only a guide is not only nonsensical, it has the potential for harm where the jury includes bilingual jurors." *Id.* at 355–56. Under *Fuentes–Montijo,* Benavides was not entitled to the instruction he requests.

### III

To establish ineffective assistance of counsel, Benavides must show that (1) his counsel "made errors so serious that counsel was not functioning as the 'counsel'

---

* The Honorable Charles C. Lovell, United States Senior District Judge for the District of Montana, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Appellant's pro se supplemental brief, entitled "Petitioner Prays to this Honorable Court to Consider this Brief in Adjudication of His Appeal," is rejected as an inappropriate filing. *See* FED. R.APP. P. 28(c) ("Unless the court permits, no further briefs may be filed [after the reply brief].").

guaranteed [him] by the Sixth Amendment," *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and (2) "the deficient performance prejudiced [him]." *Id.*

■ Because the alleged inaccuracies in the official translations helped as well as hurt Benavides's case, it was reasonable for his trial counsel not to have objected to their use. His claim, therefore, falls at the first *Strickland* hurdle: he has not shown the objective unreasonableness of counsel's conduct. Benavides has also failed to show that he was prejudiced by his trial counsel's failure to introduce an alternative translation consistent with his competing translation, so his claim falls at the second hurdle as well.

■ For the same reasons, it was not unreasonable for Benavides's court-appointed appellate counsel to rely on the official transcripts and Benavides was thus not prejudiced by the failure of appellate counsel to have an alternate translation made.

### IV

Benavides has not established that any of the alleged inaccuracies had a substantial and injurious effect on the jury's verdict or that he was denied the effective assistance of counsel. The judgment of the district court is **AFFIRMED.**